UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALFREDO GONZALEZ,<br><br>                              Plaintiff,<br><br>            -against-<br><br>BETTER DAYS DAYCARE; THEO GOULD; ISABEL ZELSTER; STEVEN FRUCHTER,<br><br>                              Defendants. | 25-CV-2490 (LLS)<br><br>ORDER TO AMEND |

LOUIS L. STANTON, United States District Judge:

      Plaintiff, who is proceeding *pro se*, filed an amended complaint asserting claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17. His allegations could also be construed as asserting claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), and the New York State and City Human Rights Laws. *See McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 158 (2d Cir. 2017). By order dated June 4, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff leave to file a second amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Named as Defendants in the amended complaint are: (1) Better Days Daycare; (2) Theo Gould, an attorney; (3) Isabel Zelster, Plaintiff's supervisor; and (4) Steven Fruchter, the owner of the business. The following facts are drawn from the complaint.[1] Plaintiff began working as an ambulette driver for Better Days Adult Daycare in November 2018. (ECF 6 at 1, 4.) Plaintiff alleges that Zelster would regularly yell at him and use "foul language" towards him, and demand that he run personal errands for her and perform other tasks that were not part of his job description. (*Id.* at 6-7, 9.) He asserts that she treated him this way because he was "the youngest driver" and the most recently hired. (*Id.* at 6.) When Plaintiff complained about this treatment, she threatened to "let him go," because "seniority comes first." (*Id.* at 7.)

On June 19, 2024, Plaintiff's ambulette was stolen while he was assisting a "client who used a walker." (*Id.* at 5.) Because his cell phone was in the ambulette, Plaintiff was able to track its location. He sought out police assistance, and the police officers "recovered" the ambulette

---

[1] The Court quotes from the complaint verbatim. All spelling, punctuation and grammar are as in the original unless noted otherwise.

and "took the man into custody." (*Id.*) The following week, the Bronx County District Attorney's Office subpoenaed Plaintiff to "testify against the man who stole the ambulette." (*Id.*) Plaintiff informed Zelster of the appointment and she "let him go" to it. (*Id.*) Plaintiff met with an assistant district attorney ("ADA") at his office, who asked Plaintiff "to wait around for 30 minutes." (*Id.*) While Plaintiff was waiting, Zelster called Plaintiff "and instructed him to return . . . as soon as possible because there are clients that need to be picked up and so he should not testify." (*Id.* at 6.) Plaintiff told the ADA that he had to leave because "he believed his employment was in jeopardy if he did not return to work." (*Id.*) When Plaintiff returned, Zelster fired him "by termination letter with an erroneous date" and "without being given a valid reason, and without warning, or even given just a suspension[.]" (*Id.*)

Plaintiff asserts that Zelster retaliated against him because he "complained [about] or protested against acts of statutorily prohibited discrimination," and created a hostile work environment for him, in violation of Title VII; and subjected him to "disparate treatment" because of his age. (*Id.* at 8-10.) Plaintiff does not assert any facts against Fruchter or Gould, and it is not clear why Plaintiff names them as Defendants. Plaintiff seeks money damages. (*Id.* at 11.)

## DISCUSSION

**A.    Rule 8**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept,

3

however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

The complaint does not comply with Rule 8 because it does not state facts suggesting that Plaintiff is entitled to relief from the Defendants. Plaintiff asserts that Defendants discriminated against him in violation of Title VII and the ADEA but, as discussed below, he does not allege any facts in support of this assertion. Moreover, Plaintiff does not state any facts describing how Defendants Fruchter and Gould were involved personally in his firing or participated in any discriminatory or retaliatory conduct related to Plaintiff's employment. Accordingly, the Court grants Plaintiff leave to file an amended complaint to state facts in support of his claims under Title VII, the ADEA, and the New York State and New York City Human Rights Laws.

**B.    Antidiscrimination statutes**

Title VII provides that

> [i]t shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin.

42 U.S.C. § 2000e-2(a). Title VII also prohibits an employer from retaliating against an employee who has opposed any practice made unlawful by those statutes, or who has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under the statute. *Id.* § 2000e-3(a).

The ADEA makes it unlawful for an employer to "discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a). It also makes it

4

unlawful to retaliate against employees who oppose discriminatory practices barred by the ADEA. *Id.* § 623(d). The statute protects workers who are at least forty years old from discrimination because of their age. *Id.* § 631(a).

These antidiscrimination provisions prohibit employers from mistreating an individual because of the individual's protected characteristics, *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007), or retaliating against an employee who has opposed any practice made unlawful by those statutes, *see Crawford v. Metro. Gov't*, 555 U.S. 271, 276 (2009) (holding that conduct is protected when it "confront[s]," "resist[s]," or "withstand[s]" unlawful actions). Mistreatment at work that occurs for a reason other than an employee's protected characteristic or opposition to unlawful conduct is not actionable under these federal antidiscrimination statutes. *See Chukwuka v. City of New York*, 513 F. App'x 34, 36 (2d Cir. 2013) (quoting *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001)).

To state a claim under Title VII, "a plaintiff must plausibly allege that (1) the employer took adverse employment action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). The plaintiff "may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id*. at 87.

To state a claim under the ADEA, a plaintiff must allege that an employer took adverse action because of the plaintiff's age; that is, that age was the reason the employer took an adverse action. *See Gross v. FBL Fin. Servs.*, 557 U.S. 167, 174, 176 (2009). "Thus, to establish age discrimination under the ADEA, 'a plaintiff must prove that age was the but-for cause of the

employer's adverse decision.'" *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 302-03 (2d Cir. 2021) (quoting *Gross*, 557 U.S. at 176)).

The facts alleged in the amended complaint do not give rise to an inference that any of the named Defendants discriminated against Plaintiff because of a protected characteristic. Although Plaintiff invokes Title VII, he does not allege any facts suggesting that he was discriminated against on the basis of a characteristic protected by that statute (race, color, religion, sex, or national origin). With respect to Plaintiff's claim of age discrimination, he does not indicate what his age was at the time of any of the alleged adverse employment actions, but his assertion that he was fired because he was the youngest and most recently hired ambulette driver does not suggest that he was fired because he was over the age of 40. It clearly states discrimination and mistreatment because of his youth, but the statute is designed to protect the elderly, not the young. *See Discussion in General Dynamics Land Sys., Inc. v. Cline*, 540 U.S. 582, 589-90 (2004).

**C.     Supplemental jurisdiction**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction."[2] 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted).

---

[2] Title VII and the ADEA do not provide for liability against individual employees. *See Tomka v. Seiler Corp.*, 66 F.3d 1295, 1317 (2d Cir. 1995) (Title VII); *Cherry v. Toussaint*, 50 F. App'x 476, 477 (2d Cir. 2002) (summary order) (ADEA). If Plaintiff files an amended complaint that asserts a claim under Title VII or the ADA, the Court could consider, under its supplemental jurisdiction, state law claims against the individual defendants. Plaintiff must, however, assert facts in support of such claims.

Having dismissed the federal claims of which the Court has original jurisdiction, the Court at this stage declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). In light of Plaintiff's *pro se* status, the Court grants Plaintiff 60 days' leave to file a second amended complaint.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the second amended complaint that Plaintiff wants the Court to consider in deciding whether the second amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's second amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's second amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original and amended complaints must be repeated in the second amended complaint.

## CONCLUSION

Plaintiff is granted leave to file a second amended complaint that complies with the standards set forth above. Plaintiff must submit the second amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as a "Second Amended Complaint," and label the document with docket number 25-CV-2490 (LTS). A Second Amended Complaint for Employment Discrimination form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the action will be dismissed for failure to state a claim upon which relief may be granted.

SO ORDERED.

Dated:   September 4, 2025
         New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

_____
*(In the space above enter the full name(s) of the plaintiff(s).)*

          -against-

_____

_____

_____
*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. Typically, the company or organization named in your charge to the Equal Employment Opportunity Commission should be named as a defendant. Addresses should not be included here.)*

**SECOND AMENDED COMPLAINT FOR EMPLOYMENT DISCRIMINATION**

Jury Trial: ☐ Yes  ☐ No
          *(check one)*

\_\_\_ **Civ.** _____ ( \_\_\_ )

This action is brought for discrimination in employment pursuant to: *(check only those that apply)*

_____    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).
            ***NOTE:*** *In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

_____    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634.
            ***NOTE:*** *In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.*

_____    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 - 12117.
            ***NOTE:*** *In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

_____    New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297 (age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic chacteristics, marital status).

_____    New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 131 (actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status).

*Rev. 07/2007*                       1

**I.     Parties in this complaint:**

A.     List your name, address and telephone number.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff     Name _____
              Street Address _____
              County, City _____
              State & Zip Code _____
              Telephone Number _____

B.     List all defendants' names and the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant     Name _____
              Street Address _____
              County, City _____
              State & Zip Code _____
              Telephone Number _____

C.     The address at which I sought employment or was employed by the defendant(s) is:

              Employer _____
              Street Address _____
              County, City _____
              State & Zip Code _____
              Telephone Number _____

**II.    Statement of Claim:**

State as briefly as possible the facts of your case, including relevant dates and events.  Describe how you were discriminated against.  If you are pursuing claims under other federal or state statutes, you should include facts to support those claims.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.  The discriminatory conduct of which I complain in this action includes: *(check only those that apply)*

    _____     Failure to hire me.

    _____     Termination of my employment.

    _____     Failure to promote me.

    _____     Failure to accommodate my disability.

    _____     Unequal terms and conditions of my employment.

    _____     Retaliation.

*Rev. 07/2007*                                2

|        | Other acts *(specify)*: _____. |

> *Note:* Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.

B. It is my best recollection that the alleged discriminatory acts occurred on: _____.
<em>Date(s)</em>

C. I believe that defendant(s) *(check one)*:

_____ is still committing these acts against me.

_____ is not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check only those that apply and explain)*:

☐ race _____ ☐ color _____

☐ gender/sex _____ ☐ religion_____

☐ national origin _____

☐ age. My date of birth is _____ *(Give your date of birth only if you are asserting a claim of age discrimination.)*

☐ disability or perceived disability, _____ *(specify)*

E. The facts of my case are as follow *(attach additional sheets as necessary)*:

_____
_____
_____
_____
_____
_____
_____

> *Note:* As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, the New York State Division of Human Rights or the New York City Commission on Human Rights.

### III. Exhaustion of Federal Administrative Remedies:

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding defendant's alleged discriminatory conduct on: _____ *(Date)*.

B. The Equal Employment Opportunity Commission *(check one)*:

  _____  has not issued a Notice of Right to Sue letter.

  _____  issued a Notice of Right to Sue letter, which I received on _____ *(Date)*.

 ***Note:*** *Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.*

C. Only litigants alleging age discrimination must answer this Question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct *(check one)*:

  _____  60 days or more have elapsed.

  _____  less than 60 days have elapsed.

**IV.** **Relief:**

**WHEREFORE**, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, and costs, as follows: _____

_____

_____
*(Describe relief sought, including amount of damages, if any, and the basis for such relief.)*

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this \_\_\_ day of _____, 20\_\_\_.

       Signature of Plaintiff _____

       Address _____

        _____

        _____

        _____

       Telephone Number _____

       Fax Number *(if you have one)* _____